Milton A. Wiltse, J.
The defendant was convicted after a trial before the Honorable Chester A. Paul, Justice of the Peace of the Town of Pamelia, Jefferson County, New York, of violation of section 1124 of the Vehicle and Traffic Law on June 12, 1959. Judgment of conviction was entered on that date and the defendant has appealed to this court.
The section reads as follows: “ § 1124. Limitations on overtaking on the left. No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is dearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction.” (Emphasis added.)
The information states: ‘1 That one Ernest M. Falsey on the 7th day of May, 1959, at the Route #11 in the Town of Pamelia, County of Jefferson, N. Y., at about 4:30 o’clock in the afternoon of said day, did commit the offense of improper passing in viol. Sec. 1124 Vehicle & Traffic Law of New York State by wrongfully, unlawfully, willfully, and operating a 1953 <x. M. C. *582 Greyhound Bus bearing New York Commercial License #56-254 in a .southerly on Route #11 in the following manner to wit: Did pass two cars and then attempted to pass a truck which was about to make a left turn onto a crossroad and indicating his intentions to do so and the aforementioned bus did hit the truck on the left side in the door section and left front fender
One of the errors alleged in the affidavit on appeal is that the motion for dismissal of the information, on the grounds that sufficient facts were not .stated therein to constitute the violation of the section with which the defendant was charged, made prior to the trial, was not granted.
It should be mentioned that the information does not appear to contain a recital of all of the essential elements of the infraction set forth in section 1124. Possibly the wording of the information was such as to properly charge .an alleged violation of subdivision a of section 1122 of the Vehicle and Traffic Law, or of some other section.
It has been held, that the misrecital of a section, misnomer of a section, or even the omission of the same, are not fatal to an information if the acts constituting the offenses are clearly set forth.
The court stated, in People v. Wilson (4 N. Y. S. 2d, 592, 594): “It is not the name given to the offense in the information; it is the acts described therein which are important, both in advising the defendant what he must meet and in determining whether they constitute a violation of the section named. ’ ’
However, whether the court erred in failing to grant the defendant’s motion to dismiss the information prior to the trial is not here determined.
There is another specification of error relied upon by the defendant that is deemed to be the crux of the situation. That is the failure to grant the motion for dismissal of the information at the close of the People’s case.
The theory of the People as revealed in its opening, and throughout its case, is that the information described acts allegedly attributable to the defendant sufficiently to constitute a violation of section 1124 of the Vehicle. and Traffic Law.
Portions of the testimony elicited from the witnesses for the People, describing these acts, in substance were: the Greyhound bus proceeding in a southerly direction at the time and place mentioned in the information overtook and passed to the left of two cars that were closely following a truck, the bus in passing to the left of the truck collided with same at or about the center line of the highway, or at a point a few feet to the left of the center line of the highway, as the truck was beginning *583 to turn to its left toward an intersecting road; that there was a directional light at the rear of the truck indicating an intention to turn; that the highway (Route 11) was level and straight for at least one-half mile at the place of this occurrence; that the left side of same was clearly visible and free of oncoming traffic for at least one-half mile.
To convict the defendant of violating section 1124 of the Vehicle and Traffic Law, it was necessary for the People to prove beyond a reasonable doubt that the bus was overtaking and passing the truck, when the left side of Route 11 was not clearly visible and was not free of oncoming traffic for a sufficient distance ahead to permit the overtaking and passing to be completely made without interfering with the safe operation of any approaching vehicle from the north or the truck being overtaken and passed. Stated in another manner, proof of oncoming, traffic, which would not allow or permit overtaking and passing of the truck without interference with the safe operation of any oncoming vehicles or the truck, was necessary.
Whether or not the bus driver was negligent, and whether or not he violated subdivision a of section 1122 of the Vehicle and Traffic Law, or some other section of same, is hot the question here. He may have done so.
On the record in this case, however, it appears that the elements constituting a violation of section 1124 aforesaid, were not established.
The motion made to dismiss the information at the close of the People’s case should have been granted.
On the law and the facts, the information should be dismissed, the conviction reversed, the defendant discharged and the fine remitted. An order to that effect may be entered.